### YORK HAVEN PAPER CO. et al. v. PLACE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

ASSIGNMENT FOR CREDITORS—FRAUD—EVIDENCE.

Finding that the withdrawal from the bank by the assignors, on the day of the assignment, of $800, which they used to pay individual debts, was not in contemplation of the assignment, so as to be fraudulent, will not be disturbed; they having testified that when they withdrew it they did not contemplate an assignment, and that it was not till later that they found they could not get a loan which they had applied for, and they having explained the entry on their books, made after the assignment, of the $800, to merchandise, by stating that it was made by mistake.

Appeal from special term, New York county.

Action by the York Haven Paper Company and others against Josiah W. Place, assignee for the benefit of creditors of Walter & Place. From an adverse judgment, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Joseph A. Arnold, for appellants.
J. S. L'Amoreaux, for respondent.

HATCH, J. The plaintiff is a corporation, and a judgment creditor of Ernest A. Walker and Oscar W. Place, co-partners dealing in paper under the firm name of Walker & Place, in the city of New York. The action is brought to set aside a general assignment for the benefit of creditors made by Walker & Place on the 26th day of December, 1894, to the defendant Josiah W. Place, as assignee. The basis of the action is that the assignment was made with intent to hinder, delay, and defraud creditors, and is therefore void. Specific grounds are urged as furnishing a sufficient basis upon which to predicate a finding that the assignment was made with intent to hinder, delay, and defraud creditors. It is claimed that on the day of the assignment the defendants withdrew from the bank where they kept their funds the sum of $800, which they used to pay individual debts; that such withdrawal was made in contemplation of the assignment, and indicated a clear intent to cheat and defraud their creditors. There may be circumstances where the withdrawal of a sub-

stantial sum of money by the assignor in contemplation of an assignment is sufficient to compel an inference of fraudulent intent, which will render the assignment void as to creditors. Fraud, however, is a matter of fact, and must be found as a fact, based upon all the circumstances surrounding the transaction. The withdrawal of money prior to the making of an assignment for the benefit of creditors by the assignors presents, therefore, a question of fact for the determination of the court; and, unless the character of the acts done by the assignors necessarily implies a fraudulent intent, the finding of the court will be sustained, if within the rules applicable to a review of findings by a trial court upon the facts which govern this court in the review of such questions. Fay v. Grant, 53 Hun, 44, 5 N. Y. Supp. 910, affirmed on appeal in 126 N. Y. 624, 27 N. E. 410; Manufacturing Co. v. Schwarz, 3 App. Div. 298, 38 N. Y. Supp. 368; Feldstein v. Richardson, 27 App. Div. 3, 50 N. Y. Supp. 105.

We are therefore called upon to examine the proof upon this question. The assignors testified that at the time when the money was drawn out of the bank they did not contemplate and had not considered making an assignment; that they had made application to an aunt, through an uncle, for a loan of money which they expected to get, and which, if obtained, would tide them over their business difficulties, and in fact have rendered an assignment unnecessary. The uncle saw the assignors on the afternoon of the day of the assignment, and informed them that the aunt declined to make the loan. The money alleged to have been fraudulently withdrawn had been so withdrawn prior to this time, and some considerable part of it already paid out. Walker had received $300, with which he paid some individual debts, and gave the remainder to his wife, who used the same for household expenses. White, an employé of the firm, was paid the sum of $200; other clerks and employés received about $100; and Place received the remainder, using it in the discharge of individual debts. After the notice of the refusal of the loan, the assignors called upon their attorney to consult with him about devising a plan which would relieve them from their financial embarrassment. After much of consultation, it was determined to make a general assignment of all their property for the benefit of their creditors. The court found that the assignment was not made with intent to hinder, delay, and defraud creditors, and therefore sustained the transaction. It is quite evident that, upon this proof, the court might have found that the money was withdrawn in contemplation of the assignment, and that the sum so withdrawn was of so substantial an amount as to indicate a purpose upon the part of the assignors to appropriate to themselves property which of right belonged to their creditors. Such conclusion would have been authorized, within the authorities which we have cited. But that is not the question which confronts us. Are we so certain that the court ought so to have found as to be able to say that its conclusion is wrong? We think not. If the assignors, when they drew the money, did not contemplate the making of an assignment, and had no intent to defraud their creditors, then they were guilty of no act of fraud in withdrawing and using this money. There must have

been the preconceived design to obtain the money and appropriate it to their own use, with intent to defraud their creditors of it, in order to make the act fraudulent. The most that can be said in favor of the appellants' position is that the proof would have supported a finding either way, and, such being the condition, we are required to give effect to the determination of the court below.

It is insisted, however, that the assignors are not entitled to credence—First, for the reason that a false entry was made in the cash book of the $800 item, it being charged to merchandise instead of to cash (the assignor making the entry testified that it was made after the assignment, and was so entered by mistake); second, that the testimony given in proceedings supplementary to execution showed that the testimony given upon this trial is in fact false; and, third, that there was failure to produce books and checks. Neither the false or mistaken entry in the book, nor the contradictory statement between the testimony given upon the trial and that given upon the examination, furnished conclusive evidence in favor of the appellants. They were both circumstances for the consideration of the court in reaching a result, but they were not necessarily controlling circumstances. The court was entitled to consider them as satisfactorily explained, and such conclusion would be authorized. The failure to produce the checks and books was sufficiently answered by the occurrence of the fire which destroyed some, and the drenching by water which mingled some of the papers and books with other matter in such form as to work their destruction.

No other question is presented that seems to require discussion. It follows that the judgment should be affirmed, with costs. All concur.