549 A.2d 614

Paul Sheers and Franklin L. Shollenberger, Majority Commissioners of Schuylkill County, and Harry A. Rubright, Chief Public Defender of Schuylkill County *v.* Richard F. Higgins and J. Donald Kerns, Members of the Schuylkill County Salary Board, and J. Donald Kerns, Controller of Schuylkill County. Richard F. Higgins, Appellant.

Paul Sheers and Franklin L. Shollenberger, Majority Commissioners of Schuylkill County, and Harry A. Rubright, Chief Public Defender of Schuylkill County *v.* Richard F. Higgins and J. Donald Kerns, Members of the Schuylkill County Salary Board, and J. Donald Kerns, Controller of Schuylkill County. J. Donald Kerns, Appellant.

Edward M. Brennan, with him, Thomas J. Pellish, for appellants.

Frank Robert Cori, Assistant County Solicitor, for appellees.

OPINION BY JUDGE BARRY, October 26, 1988:

Richard F. Higgins, the minority commissioner of Schuylkill County, and J. Donald Kerns, the controller of Schuylkill County, each appeal an order of the Court of Common Pleas of Schuylkill County which entered a declaratory judgment holding that an assistant public defender had been lawfully appointed and was entitled to a salary as set forth in a collective bargaining agreement between the county and its employees.

The facts are not in dispute, having been stipulated to by the parties. Paul Sheers and Franklin L. Shollenberger are the county's duly elected majority commissioners. Harry A. Rubright is the county's Public Defender. In April of 1985, Paul Domalakes was hired as an assistant public defender. Domalakes was a law partner of Rubright. When the Salary Board met on April 24, 1985, to approve the hiring and the salary of Domalakes, the vote was tied 2-2, Sheers and Shollenberger voting to approve, Higgins and Kerns refusing approval. Domalakes performed the duties of an assistant public defender without pay.

In June of 1985, the majority commissioners filed a declaratory judgment action, naming as defendant the Salary Board. The complaint asked the trial court to interpret Section 1625 of the County Code, Act of August 9, 1955, P.L. 323, 16 P.S. §1625 and declare lawful the participation of Rubright on Salary Board matters affecting the Office of the Public Defender. Higgins filed preliminary objections to the complaint, alleging, *inter alia,* the nonjoinder of necessary parties.

The Salary Board met again on July 31, 1985. At this meeting, the majority commissioners instructed Rubright to vote as a Salary Board member. No other Public Defender has ever sat as a Salary Board member. Despite the objections of Higgins and Kerns, Rubright voted with the majority commissioners. At that time, Kerns stated that he would not issue any checks to Domalakes.

On August 16, 1985, the trial court sustained Higgins' preliminary objections and directed the majority commissioners to file an amended complaint. They did so, naming both Higgins and Kerns as individual defendants as members of the Salary Board. Higgins and Kerns filed answers and counterclaims, seeking a declaration that Rubright could not sit on the Salary Board and even if he could, his action violated the State Ethics Act, Act of October 4, 1978, P.L. 883, 65 P.S. §§401-13 (Supp. 1988), because Domalakes was his law partner. The majority commissioners filed an answer to the counterclaim.

The parties then filed a stipulation of facts. The trial court entered judgment in favor of the majority commissioners, holding that the existence of a collective bargaining agreement between the County and its employees rendered Salary Board action purely ministerial. Both Higgins and Kerns filed appeals to the Superior

Court. Both appeals were transferred to this Court and those appeals have been consolidated.

Appellants raise three issues on appeal. They argue that the trial court erred in holding that Salary Board approval was merely ministerial in light of the collective bargaining agreement. They further argue that the Legislature could not have intended that the Public Defender sit as a Salary Board member. Finally, they argue that if he could sit, his voting violated the Ethics Act. For the following reasons, we will affirm.

While the trial court held that the existence of a collective bargaining agreement rendered Salary Board approval unnecessary, we do not believe that question need be discussed. It is well settled that an appellate court may affirm an order of a trial court where the trial court's reasoning may have been erroneous, (which we do not here decide, however), if the correct reason is obvious from the record. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 327 A.2d 72 (1974); *Rhoads v. Lancaster Parking Authority,* 103 Pa. Commonwealth Ct. 303, 520 A.2d 122 (1987), *appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987).

Section 1625(a) of the County Code explicitly provides:

> Except as herein otherwise provided, whenever the board shall consider the number or salaries of the deputies or other employees of any county officer . . . , such officer . . . shall sit as a member of the board, as long as any matter affecting his office . . . is under consideration and no longer.

Furthermore, Article IX, Section 3 of the Pennsylvania Constitution designates the public defender as a constitutional officer and is equally explicit. "County officers shall consist of commissioners, controllers or auditors, district attorneys, *public defenders,* treasurers, sheriffs,

registers of wills, recorders of deeds, prothonotaries, clerks of the courts, and such others as may from time to time be provided by law." (Emphasis supplied.) In light of these two sections, it cannot be argued that the public defender may not sit as a Salary Board member when that body approves a position and/or salary concerning his office.

We also believe we need not address the alleged violation of the Ethics Act. Sections 6 and 7 thereof provide that any possible violations of the Ethics Act must first be investigated by the State Ethics Comission. 65 P.S. §§407-08. Section 7 further provides that if the Commission believes that criminal violations have been committed, it may refer the matter to law enforcement officials. 65 P.S. §407(11). Any such violations can then be prosecuted by either the Attorney General or the local district attorney. Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. §732-205(a)(6) & (b). We therefore believe that the present declaratory judgment action is not the proper vehicle to decide whether the Ethics Act has been violated.

Affirmed.

## ORDER

Now, October 26, 1988, the order of the Court of Common Pleas of Schuylkill County, dated September 17, 1986, at No. S-926-1985 is affirmed.

Judge MACPHAIL did not participate in the decision in this case.