

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2007

# Rose v. Allentown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rose v. Allentown" (2007). *2007 Decisions*. Paper 1810.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1810

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-5319 & 05-5507
_____

JIMI ROSE,
                    Appellant,

v.

CITY OF ALLENTOWN; ZONING HEARING BOARD OF THE CITY OF
ALLENTOWN

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. Nos. 02-cv-03842 & 04-cv-02853)
District Judge: Honorable Legrome R. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2006

Before: BARRY, CHAGARES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed    January 5, 2007  )
_____

OPINION
_____

PER CURIAM

This case arises from a zoning dispute between the Plaintiff, Jimi Rose, and the

Defendants, the City of Allentown and the Zoning Board of the City of Allentown.  Rose

operates a bring your own bottle ("BYOB") establishment in Allentown, Pennsylvania.[1]

Performers dance in the nude at the club.

The Allentown Zoning code classifies the club as a "cabaret." While the club violates the applicable zoning ordinances, the Zoning Hearing Board granted a special exception to operate the club in September 1993. The Board granted the exception on the condition that the club only be opened from noon to midnight, Monday through Saturday. In 1998, Allentown enacted an ordinance that prohibited BYOB establishments from operating between midnight and 8:00 a.m.

In 1999, Rose requested a variance that the club be allowed to operate Monday through Saturday until 2:00 a.m. Rose also requested that the club be allowed to operate on Sundays between 1:00 p.m. and 9:00 p.m. The Zoning Hearing Board denied the requests on September 13, 1999. Rose appealed to the Court of Common Pleas, Lehigh County. Rose made several arguments before the Court of Common Pleas, including that: (1) the Zoning Hearing Board's denial was an unconstitutional infringement on his First Amendment rights; and (2) the Zoning Hearing Board's denial of his requests was racially discriminatory and denied him equal protection under the law. The Court of Common Pleas denied each of Rose's claims. The Commonwealth Court of Pennsylvania affirmed on February 28, 2002. The Pennsylvania Supreme Court denied Rose's petition for

---

[1] As the record indicates, the establishment has been called "Hollywood Nights" and "Sin City Strippers" during its history. For purposes of this opinion, we will refer to the establishment as "the club."

2

allowance of appeal.

As Rose's petition for allowance of appeal was pending before the Pennsylvania Supreme Court, he filed his first federal complaint, District Court Dkt. No. 02-cv-03842 (the "first federal complaint"). Rose raised several claims in his amended complaint[2], including that: (1) the zoning ordinances were overly broad and violated his right to free speech and free expression; (2) the Zoning Hearing Board and the ordinances violated his First Amendment free speech rights[3]; (3) Rose was denied equal protection under the law; and (4) Rose was discriminated against on the basis of race.

Initially, the District Court denied the Defendants' motion for summary judgment and the case was listed for trial. On the date of trial, Rose orally moved for a voluntary dismissal of the case. The District Court dismissed the complaint without prejudice. Subsequently, Rose successfully moved to vacate the District Court's dismissal order, and the matter was reopened. On October 31, 2005, the District Court dismissed the action with prejudice due to a lack of subject matter jurisdiction. The District Court relied on the Rooker-Feldman[4] doctrine in dismissing the complaint. Rose timely filed a notice of appeal, C.A. No. 05-5319.

---

[2] The District Court granted Rose's request to file an amended complaint.

[3] Rose also alleged that the zoning ordinances were overly broad in that they precluded his right to free speech and free expression. This allegation is subsumed within his First Amendment claim.

[4] The doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

As Rose's first federal complaint was progressing, he filed another variance request to extend the hours of operation of the club. Rose requested that the club be allowed to remain open until 2:00 a.m. on Monday, Thursday, Friday and Saturday nights. The Zoning Hearing Board denied the request on January 24, 2004. Rose appealed to the Court of Common Pleas, Lehigh County. Among his claims, Rose argued that: (1) the regulations violated his freedom of speech and freedom of expression rights under the Pennsylvania Constitution; and (2) the Zoning Hearing Board violated his equal protection rights by discriminating against him because he did not have a state liquor license. The Court of Common Pleas affirmed the Zoning Hearing Board's denial of this request. Rose appealed to the Commonwealth Court of Pennsylvania and additionally argued that the Zoning Hearing Board's decision was racially discriminatory. The Commonwealth Court affirmed the Court of Common Pleas' decision. However, the Commonwealth Court stated that "a zoning hearing board, or any court on appeal from a zoning hearing board's decision, does not have the authority to address the type of discrimination claims Rose is raising in his appeal before this Court. Any arguments that Rose has been racially discriminated against by the City or the Board would have to be raised in an appropriate action in civil court." Rose v. Zoning Hearing Bd. of Allentown, No. 2706 C.D. 2004 (Pa. Commw. Ct. April 22, 2005). The Pennsylvania Supreme Court denied Rose's petition for allowance of appeal on November 1, 2005.

On June 28, 2004, Rose filed his second federal complaint, District Court Dkt. No.

4

04-cv-02853 (the "second federal complaint"). In the complaint, Rose alleged that: (1) his equal protection rights were violated when the Zoning Hearing Board discriminated against him because he did not have a state liquor license; (2) his equal protection rights were violated when the Zoning Hearing Board selectively enforced the laws and ordinances based on race; and (3) his free expression rights under the Pennsylvania Constitution were violated. In this complaint, Rose referenced the Zoning Hearing Board's January 27, 2004 decision denying his request for additional hours of operation on Monday, Thursday, Friday and Saturday nights. The District Court granted Defendants' motion for summary judgment on November 18, 2005. It found that Rose's selective enforcement claim was barred pursuant to the Rooker-Feldman doctrine. Additionally, the District Court found that all of the claims were barred based on res judicata. Rose timely filed a notice of appeal, C.A. No. 05-5507. We consolidated Rose's two appeals, C.A. Nos. 05-5319 and 05-5507, for briefing and disposition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's application of the Rooker-Feldman doctrine. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). We also exercise plenary review over the grant of summary judgment, and we apply the same standard that the District Court should have applied. See Regents of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006)(citation omitted). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-

5

movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Saldana v. KMart Corp., 260 F.3d 228, 232 (3d Cir. 2001); FED. R. CIV. P. 56(c).

With respect to Rose's first federal complaint, we will affirm the District Court's decision, albeit on different grounds.  The Rooker-Feldman doctrine deprives a District Court of jurisdiction in some circumstances to review a state court adjudication.  See Turner, 449 F.3d at 547.  In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the United States Supreme Court emphasized the narrow scope of the Rooker-Feldman doctrine.  It held that Rooker-Feldman "is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  See id. at 284 (emphasis added).  In Exxon Mobil, the Supreme Court stated that "the doctrine has sometimes been construed to extend far beyond the contours of the Rooker and Feldman cases."  544 U.S. at 283.

In this case, the District Court erred in dismissing Rose's first federal complaint by applying the Rooker-Feldman doctrine beyond the contours of the Rooker and Feldman cases.  Rose's first federal complaint did not complain of injuries caused by a state-court judgment.  Rather, Rose's first federal complaint arose out of the variance request process before the Zoning Hearing Board beginning in 1999.  Thus, Rose's claims in the first federal complaint were not caused by a state-court judgment, but, rather, were attributable

6

to the Defendants' alleged actions that preceded any state-court judgment.  See Turner, 449 F.3d at 547.

We note that Rose's first federal complaint overlaps with his adjudicated state-court claims arising out of the state-court proceedings from the Zoning Hearing Board's denial of his first variance request in 1999.  However, "this overlap does not mean that the Rooker-Feldman doctrine is applicable here."  See id.  As noted by the Supreme Court in Exxon Mobil and this Court in Turner, "a district court is not divested of subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court."  Id. (citing Exxon Mobil Corp., 544 U.S. at 292).  Therefore, the District Court erred in holding that the Rooker-Feldman doctrine deprived it of subject matter jurisdiction over Rose's first federal complaint.

While we reject the District Court's grounds for dismissing Rose's first complaint for lack of subject matter jurisdiction, we can affirm on other grounds.  See id. at 548 (citing Wittekamp v. Gulf & W., Inc., 991 F.2d 1137, 1143 (3d Cir. 1993)).  Specifically, we will consider whether the doctrine of res judicata bars Rose's first federal complaint.[5]

A federal court refers to the preclusion law of the state in which judgment was entered.  See McNasby v. Crown Cork & Seal Co., Inc., 888 F.2d 270, 276 (3d Cir.

---

[5] We note that the Defendants argued that res judicata barred Rose's first federal complaint in the District Court.  Additionally, on appeal, the Defendants assert that if the Rooker-Feldman doctrine does not apply, res judicata bars Rose's claims raised in the first federal complaint.

1989)(quoting <u>Marrese v. Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 380

(1985)). Res judicata:

> bars a later action on all or part of the claim which was the subject of the
> first action. Any final, valid judgment on the merits by a court of competent
> jurisdiction precludes any future suit between the parties or their privies on
> the same cause of action. Res judicata applies not only to claims actually
> litigated, but also to claims which could have been litigated during the first
> proceeding if they were part of the same cause of action.

<u>Balent v. City of Wilkes-Barre</u>, 669 A.2d 309, 313 (Pa. 1995). For res judicata to apply,

the two actions must share the following four conditions: (1) the thing sued upon for; (2)

the cause of action; (3) the persons and parties to the action; and (4) the capacity of the

parties to sue or be sued. <u>See</u> <u>Bearoff v. Bearoff Bros., Inc.</u>, 327 A.3d 72, 74 (Pa. 1974).

Upon reviewing the Commonwealth Court's decision, <u>Rose v. Zoning Hearing Bd.</u>

<u>of City of Allentown</u>, No. 1009 C.D. 2001 (Pa. Commw. Ct. Feb. 28, 2002), it is clear

that all of Rose's claims raised in his first federal complaint are barred by res judicata.

The parties and the causes of action were the same in both the state and federal matters.

Furthermore, the Commonwealth Court entered a final judgment on the merits on all of

the claims raised in Rose's first federal complaint. Indeed, the Commonwealth Court

stated:

> Rose argues that the ordinance violates his First Amendment right to
> freedom of speech, alleging that the [Zoning Hearing Board] is using the
> ordinance to limit erotic dancing. The ordinance is a content-neutral time
> restriction aimed at regulating the hours of operation for BYOBs, not the
> type of entertainment it can provide. In fact, the [Zoning Hearing Board]
> granted Rose's 1993 special exception to permit the specific type of adult
> entertainment provided on the premises, and he has operated the adult

cabaret for the last eight years. Likewise, the Court finds no support for Rose's contention that he was racially discriminated against and denied equal protection of the law.

Id. slip. op. at 7. Thus, it is clear that res judicata applies to bar the claims raised in Rose's first federal complaint.

In his appellate brief, Rose argues that the District Court violated the law-of-the-case doctrine by first denying the Defendants' motion for summary judgment, and then later dismissing the action. The Defendants argued that the Rooker-Feldman doctrine should be applied in their summary judgment motion. The Supreme Court has stated that the law-of-the-case doctrine merely expresses the practice of courts to generally refuse to reopen what has been decided. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). However, federal courts have a duty to examine their subject matter jurisdiction at all stages of the litigation. See e.g., United States Express Lines Ltd. v. Higgins, 281 F.3d 383, 388-89 (3d Cir. 2002). Here, the District Court determined, albeit incorrectly, that it lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Regardless, the District Court could review whether it had subject matter jurisdiction over the complaint. Thus, Rose's law-of-the-case doctrine is clearly without merit.

Next, we will consider whether the District Court properly granted summary judgment in favor of the Defendants on Rose's second federal complaint. The District Court found that the Rooker-Feldman doctrine barred Rose's selective enforcement

9

claim. Additionally, it determined that res judicata applied to the entire second federal complaint.

The District Court erred in finding that the <u>Rooker-Feldman</u> doctrine barred Rose's selective enforcement claim. In the second federal complaint, Rose alleged that the Defendants were racially discriminatory when they denied his variance request to allow the club to be open to 2:00 a.m. on Monday, Thursday, Friday and Saturday nights. As previously noted, <u>Rooker-Feldman</u> "is confined to cases brought by state-court losers complaining of injuries caused by state-court <u>judgments</u> rendered before the district court proceedings commenced and inviting district court review and rejection of those <u>judgments</u>." <u>See</u> <u>Exxon Mobil Corp.</u>, 544 U.S. at 484 (emphasis added). Here, Rose's selective enforcement claim was not caused by a state-court judgment. Therefore, <u>Rooker-Feldman</u> is again inapplicable.

We agree with the District Court that res judicata applies to Rose's equal protection (based on the lack of a state liquor license) claim and his free expression claim under the Pennsylvania Constitution. The Court of Common Pleas denied both of these claims. <u>See</u> <u>Rose v. Zoning Hearing Bd. of City of Allentown</u>, No. 2004-C-46 (Ct. Common Pleas, Nov. 19, 2004). The Commonwealth Court of Pennsylvania affirmed the denial of these claims. <u>Rose v. Zoning Hearing Bd. of City of Allentown</u>, No. 2706 C.D. 2004 (Pa. Commw. Ct. June 16, 2005). The parties are identical in this state action and in the second federal complaint. Therefore, res judicata clearly applies.

10

Next, we find that the District Court erred in concluding that res judicata barred

Rose's selective enforcement claim. With respect to this claim, the Pennsylvania

Commonwealth Court stated:

> Being a creature of statute, a zoning hearing board, or any court on appeal
> from a zoning hearing board's decision, does not have the authority to
> address the type of discrimination claims Rose is raising in his appeal
> before this Court. Any arguments that Rose has been racially discriminated
> against by the City or the Board would have to be raised in an appropriate
> action in civil court.

Id. slip. op. at 8. Thus, we find that there was not a judgment on the merits of Rose's

selective enforcement claim. We disagree that this claim should have been presented in

the 1999 state court litigation. Indeed, Rose asserts that the purported selective

enforcement occurred after the state court proceedings arising from the first variance

request were complete. Thus, res judicata does not bar Rose's selective enforcement

claim.

Neither res judicata nor the Rooker-Feldman doctrine is applicable to Rose's

selective enforcement claim set forth in the second federal complaint. However, we will

affirm the grant of summary judgment in favor of the Defendants on alternative grounds.

See Turner, 449 F.3d at 547 (citation omitted).

Rose asserts that the Defendants selectively enforced the city ordinances and

zoning laws against him because he is African-American. Rose alleged that white club

owners were given preferential treatment and that the Defendants selectively enforced the

city ordinances and zoning laws. The Equal Protection Clause prohibits selective

11

enforcement of the law based on race.  See Whren v. United States, 517 U.S. 806, 813 (1996); Thomas v. Independence Twp., – F.3d –, 2006 WL 2621094, at *9 (3d Cir. Sept. 14, 2006).  A plaintiff can recover if it can be established that: "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race."  Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995); see also Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005).

In support of his claim, Rose references a "cabaret" club owned by Erv Fetherman (hereinafter referred to as "Erv's"), as similarly situated.  Similar to Rose, Erv's received a special exception to operate his "cabaret" from noon to midnight, Monday through Saturday.  Erv's requested a variance to operate from 8:00 a.m. to midnight, five days out of a year.  The Zoning Hearing Board granted the request after concluding that the additional hours (twenty hours per year) were de minimus.  Unlike Erv's request, Rose's second variance request asked for over 400 hours of additional hours of operation per year.  We conclude that this difference precludes a finding that Rose's club was similarly situated to Erv's.  Thus, summary judgment was properly granted in favor of the Defendants because there is no issue of material fact with respect to this selective enforcement claim.

In conclusion, we determine that the District Court erred in dismissing Rose's first federal complaint pursuant to the Rooker-Feldman doctrine.  However, we will affirm the

12

dismissal of the complaint because Rose's claims are barred by res judicata.  With respect to Rose's second federal complaint, we find that the equal protection claim (based upon the lack of a state liquor license) and the free expression claim under the Pennsylvania Constitution are also barred by res judicata.  Additionally, we determine that Rose failed to establish a material issue of fact with respect to his equal protection/selective enforcement claim.  Accordingly, we will affirm the judgments of the District Court.