NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3877
_____

RICHARD COPPOLINO,
                              Appellant

v.

COMMISSIONER PENNSYLVANIA STATE POLICE*

*Amended pursuant to F.R.A.P. 43(c)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2-16-cv-00249)
District Judge:  Honorable Cynthia M. Rufe

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2017

BEFORE:  AMBRO, RESTREPO, and NYGAARD, *Circuit Judges*

(Filed: May 25, 2017)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

At its core, the legal doctrine of res judicata prohibits a second bite at the litigation apple. This well-known doctrine proscribes a second lawsuit that is based on the same causes of action as a prior suit where the prior suit involved the same parties, or their privies, and where there has been a final judgment on the merits in the first case. *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313 (3d Cir. 1995).[1] We agree with the District Court that a state court action filed by Appellant Richard Coppolino involved the same causes of action he tried to bring against the same parties in federal court and, consequently, his federal suit is barred by res judicata. We will, therefore, affirm.

Coppolino is a convicted sex offender and, in April of 2013, filed a challenge to the latest iteration of Pennsylvania's Megan's Law statute (Megan's Law IV) in state court. He argued that Megan's Law IV was an impermissible ex post facto punishment and, when applied to him, was unconstitutionally overbroad. Frank Noonan, the Commissioner of the Pennsylvania State Police (and our Appellee here), was the named respondent in Coppolino's state court proceedings. The Pennsylvania Commonwealth Court addressed Coppolino's ex post facto claim in detail, and denied him relief. *See Coppolino v. Noonan*, 102 A.3d 1254, 1263-69 (Pa. Commw. Ct. 2014). Coppolino appealed to the Pennsylvania Supreme Court, which affirmed the Commonwealth Court's decision in a brief order. *Coppolino v. Noonan*, 125 A.3d 1196 (Pa. 2015).

---

[1] Res judicata includes the legal concepts of claim preclusion and issue preclusion. Claim preclusion prevents the relitigation of identical cases, whereas issue preclusion prevents the relitigation of discrete issues. Here, the District Court analyzed this case through the lens of claim preclusion and we will apply that same analysis here.

Two months after the Pennsylvania Supreme Court affirmed the denial of his claims, Coppolino filed a civil rights action in the District Court pursuant to 42 U.S.C. § 1983 against Noonan. He alleged that Megan's Law IV retroactively punished him for past actions in violation of the ex post facto clause and also that his rights to due process were violated because the state statute was vague and overbroad. The District Court, after a hearing on the matter, dismissed Coppolino's case based on res judicata. Specifically, it concluded that Coppolino fully litigated the ex post facto and due process claims in state court and that any amendment to his complaint would be futile. Coppolino timely appealed.

We exercise plenary review over the District Court's dismissal because of its procedural posture—a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6)—and because of the legal basis for the dismissal, res judicata. *See e.g., Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011).[2]

The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the Full Faith and Credit Statute. M*etro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 350 (3d Cir. 2014) (citing 28 U.S.C. § 1738). That statute mandates that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State . . . from which they are taken." *Id.* The United States Supreme Court has interpreted this statute to require federal courts to look to state law to determine the preclusive effect of a

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

prior state judgment. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380–81 (1985). Therefore, we look to Pennsylvania law on res judicata to determine whether it applies in this case.

Under Pennsylvania law, and in the context of § 1983 cases, res judicata applies to claims previously litigated in state court. Indeed, we have instructed that where a litigant raises federal constitutional claims in a state court (as opposed to bringing those claims to federal court via a § 1983 case), res judicata may bar that litigant from relitigating those claims in the federal forum. *Lehman v. Lycoming Cty. Children's Serv. Agency*, 648 F.2d 132, 145-46 (3d Cir. 1981), *aff'd* 458 U. S. 502 (1982). Put another way, Coppolino's suit is barred by res judicata only if a Pennsylvania court would bar his complaint on res judicata grounds under Pennsylvania law.

For res judicata to apply, Pennsylvania courts require the two actions to share the following characteristics: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (1974)). Res judicata bars Coppolino's present suit. First, in both his state and federal cases, Coppolino challenges the constitutionality of Pennsylvania's Megan's Law IV on ex post facto and due process grounds. Second, the causes of action in the state suit are the same as those raised in the federal litigation: in this action, Coppolino's ex post facto claim asserts that Megan's Law IV "creates or enhances penalties that did not exist when [his] offenses were committed." App. at 23a. The Commonwealth Court decided that identical issue:

4

whether "Megan's Law IV constitutes an impermissible *ex post facto* law as to Coppolino, where he completed his sentence prior to the enactment o these new provisions." *Coppolino*, 102 A.3d at 1263. His due process claims are also identical. Coppolino claims that, by requiring the disclosure of internet identification, Megan's Law IV violates his privacy and is "vague, ambiguous and fails to sufficiently define its terms such that ordinary people can understand a person's . . . obligations under the law." For its part, the Commonwealth Court's decision resolves this very issue: the state statute is "not overbroad with respect to the requirement that registrants disclose their Internet identifiers," and further concludes that "the requirement that registrants disclose their Internet identifiers does not burden the right to anonymous speech." *Id.* at 1285.

Third, Coppolino and Noonan are the identified parties in both cases. It is of no import, contrary to Coppolino's suggestion, that Commissioner Noonan has now been replaced by Commissioner Blocker. It is the office that is being sued, not the individual officer, and such substitutions are pro forma under our federal rules. *See* Fed. R. App. P. 43(c); Fed. R. Civ. P. 25(d).[3] Fourth, there is no argument that Coppolino has the capacity to sue and that Noonan be sued. In the end, the District Court properly thwarted Coppolino's attempt at a second bite at the apple, and properly dismissed his case.

---

[3] Coppolino contends that the District Court committed reversible error by its refusal to permit him to amend his complaint to sue Commissioner Noonan in his individual capacity. Not so. Amendment would have been futile because any such claim would have been barred by the applicable statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). And Coppolino makes no allegation that Commissioner Noonan was personally involved in the alleged wrongdoing, as he must be before he can be on the hook for monetary damages under § 1983. *See, e.g., Evancho v. Fisher*, 423 F.3d 347, 353 (3d. Cir. 2005).

We will affirm.