**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-2345

———————

IN RE: AMY CHRISTINE DONAGHY,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01720)
District Judge: Honorable Eduardo C. Robreno

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
April 22, 2021

Before: AMBRO, RESTREPO, Circuit Judges, and NOREIKA,[*] District Judge

(Opinion Filed May 3, 2021)

———————

[*]     The Honorable Maryellen Noreika, United States District Judge for the District of
Delaware, sitting by designation.

AMBRO, <u>Circuit Judge</u>

HSBC Bank USA, N.A. ("HSBC") holds a prepetition Pennsylvania state court mortgage foreclosure consent judgment against Amy Donaghy, a Chapter 13 debtor. As we agree with the Bankruptcy and District Courts that it is a final valid judgment entitled to *res judicata* effect (meaning Donaghy is precluded from relitigating claims already decided in the earlier action), we affirm the District Court's order affirming the Bankruptcy Court's decision to grant HSBC relief from the bankruptcy stay.

I.

In 2007, Donaghy borrowed a $568,000 loan from Guaranty Northeast Mortgage ("Guaranty"). In connection with the loan, Donaghy signed a note and executed a mortgage secured by residential real property located in Delaware County, Pennsylvania. The loan was then securitized and deposited into a mortgage-backed securities trust (the "Trust"). HSBC serves as the Trust's trustee and Wells Fargo Bank is its master servicer and document custodian. The land records reflect a formal assignment of the mortgage to HSBC. *See HSBC Bank, NA v. Donaghy*, 101 A.3d 129, 130 n.1 (Pa. Super. Ct. 2014).

In January 2012, shortly after Donaghy defaulted on the loan, HSBC filed a foreclosure action in the Pennsylvania Court of Common Pleas in Delaware County. *Donaghy*, 101 A.3d at 130. Donaghy raised several defenses, including whether HSBC

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

was the proper party to bring the suit, as her loan was with Guaranty and not HSBC. After some back and forth, including an appeal to the Superior Court of Pennsylvania, Donaghy and HSBC entered a consent judgment in June 2015. *See* App. 41b; *see also Donaghy*, 101 A.3d at 131–32. It provided that an "*in rem* Judgment in Mortgage Foreclosure is entered in favor of [HSBC] and against [Donaghy], in the amount of $783,754.48, plus interest, late charges, attorneys' fees and costs, and for foreclosure and sale of the Mortgaged Premises." App. 41b. In August 2016, a prothonotary (a civil clerk of the court) entered the judgment against Donaghy on the state court docket.

HSBC then listed the property for sheriff's sale. Before the scheduled sale, Donaghy filed a Chapter 13 bankruptcy petition in the Eastern District of Pennsylvania. *See* Chapter 13 Voluntary Petition, No. 17-17825-elf (Bankr. E.D. Pa. Nov. 16, 2017) ("First Bankr. Docket"), ECF No. 14. Due to the automatic bankruptcy stay, HSBC could not continue with the foreclosure sale without permission from the Bankruptcy Court. *See* 11 U.S.C. § 362(a). In March 2018, HSBC moved for relief from the automatic stay so it could continue the state court foreclosure proceeding. In response, Donaghy voluntarily dismissed the bankruptcy case, indicating she would seek state court remedies.

HSBC again listed the property for sale. But in a case of déjà-vu, Donaghy filed a second Chapter 13 bankruptcy petition before a sale could happen. *See* Chapter 13 Voluntary Petition, No. 18-15459-elf (Bankr. E.D. Pa. Aug. 17, 2018) ("Second Bankr. Docket"), ECF No. 1. Once more, HSBC filed a motion for relief from the automatic stay in the Bankruptcy Court. *See* Second Bankr. Docket, ECF No. 55. After holding a

3

hearing and oral argument, the Bankruptcy Court granted HSBC's motion. It rejected Donaghy's defense that HSBC lacked standing, concluding that the consent judgment establishes HSBC's right to seek relief from the stay.

On appeal, the District Court affirmed the Bankruptcy Court, agreeing that the consent judgment is entitled to *res judicata* effect. Donaghy then filed this appeal with our Court, pressing her arguments that the consent judgment is essentially a contract with no preclusive effect on later litigation and that HSBC lacks standing to ask for relief from the bankruptcy stay because it is not the holder of a valid note on the property.[1]

II.

We "stand in the shoes of the District Court [to] review the Bankruptcy Court's decision." *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 209 (3d Cir. 2011) (internal quotation marks and citation omitted). In this context, we review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion. *See In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007). That "occurs when a . . . decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019) (internal quotation marks and citation omitted).

Here, we agree with the District and Bankruptcy Courts that the consent judgment has *res judicata* effect, thus preventing Donaghy from challenging HSBC's standing to ask for stay relief. *See Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 158 and 1334. We have appellate jurisdiction under 28 U.S.C. §§ 158 and 1291.

4

1416, 1429 (3d Cir. 1994) ("[T]he doctrine of *res judicata* holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action.") (internal quotation marks and citation omitted). Donaghy challenges whether the consent judgment is a final valid judgment, but none of her arguments has merit.

First, Donaghy argues that the consent judgment does not have preclusive effect because it lacked court approval. However, as the District Court explained in its well-reasoned opinion, Pennsylvania follows the general rule "that a judgment or decree, though entered by consent or agreement of the parties, is *res judicata* to the same extent as if entered after contest." *Allegheny Int'l*, 40 F.3d at 1429 (quoting *Keystone Bldg. Corp. v. Lincoln Sav. and Loan Ass'n.*, 360 A.2d 191, 194 n.6 (Pa. 1976)); *see also Arizona v. California*, 530 U.S. 392, 414 (2000) ("[C]onsent judgments ordinarily support claim preclusion.") (citation omitted). On appeal, Donaghy suggests, apparently for the first time, that a consent judgment must be signed by a judge to have *res judicata* effect. Even if this argument was not forfeited, we still reject it, as this consent judgment was entered by the state court prothonotary and each party received adequate notice of its entry. App. 36b, 50b-51b; *see Borg-Warner Corp. v. Bd. of Fin. & Revenue*, 227 A.2d 153, 155–156 (Pa. 1967) (holding that the parties are bound by a stipulated judgment entered by a prothonotary).

Donaghy's reliance on *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 75-76 (Pa. 1974), is misplaced. There, unlike here, "the court did not participate in any way in the discontinuance of the . . . proceeding." *Id.* at 75. In fact, there may not have been a

judgment at all, as the action was merely marked "Settled, Discontinued and Ended." *Id.* at 74. All that *Bearoff* requires for *res judicata* to apply is some court involvement in the judgment. That low bar was met here when the prothonotary entered the consent judgment. Requiring a signature by a judge, as Donaghy urges, would contravene *Bearoff*'s hesitance to "resist[] restriction in [the] application of [*res judicata*] by technical requirements." *Id.* at 76.

Donaghy then argues that the parties did not intend for the consent judgment to have preclusive effect. *See Coleman v. Coleman*, 522 A.2d 1115, 1120 (Pa. Super. Ct. 1987) ("[I]f the parties did not intend the consent decree to act as an adjudication of the merits of the subsequent claim, then the decree may not bar the later action."). This argument fails at the outset. The state court foreclosure action was about HSBC's right to foreclose on the mortgage encumbering the property. In the consent judgment, the parties agreed that an "*in rem* Judgment in Mortgage Foreclosure is entered in favor of [HSBC] and against [Donaghy] . . . and for foreclosure and sale of the Mortgaged Premises." App. 41b. That unambiguous language no doubt resolved all issues, including whether HSBC was the proper party to foreclose on the property. It makes no sense for the parties to agree to such a judgment while preserving Donaghy's ability to contest later whether HSBC had standing to file the foreclosure action in the first place.

Finally, Donaghy argues the consent judgment does not have *res judicata* effect because HSBC fraudulently concealed it does not hold a valid note on the property.[2] *See*

---

[2] In the Bankruptcy Court, HSBC filed an affidavit explaining that it inadvertently lost or misplaced the note. App. 58b-60b.

*Wilkes ex rel. Mason v. Phx. Home Life Mut. Ins. Co.*, 902 A.2d 366, 387 (Pa. 2006) ("If a judgment has been procured by fraud or collusion, *res judicata* will not usually be an impediment to litigating a claim anew." (citing *Morris v. Jones*, 329 U.S. 545, 550-51 (1947)). We are unpersuaded, for the Pennsylvania trial court gave Donaghy "60 days to conduct additional discovery and to supplement the record." *Donaghy*, 101 A.3d at 131–32. Despite this, Donaghy did not discover or raise any issues with the note. *Id.* at 132. Typically, a defense is foreclosed if it could have been raised in the prior court action but was not. *See Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 73-74 (3d Cir. 1985) (explaining that the settlement remains binding because the alleged fraud did not prevent the party from obtaining relevant fact discovery). In any event, we agree with the District and Bankruptcy Courts that if Donaghy wishes to contest the validity of the consent judgment, she should direct her efforts "at the state court if and when HSBC seeks to enforce the judgment." App. 11A. Donaghy's quibbles with the consent judgment do not affect HSBC's standing to ask the Bankruptcy Court to lift the automatic stay. We thus conclude that the Bankruptcy Court did not abuse its discretion by lifting the stay and allowing HSBC to enforce the state court foreclosure judgment it obtained.[3]

\*     \*     \*     \*     \*

It has now been nearly ten years since Donaghy defaulted on her loan and six years since HSBC obtained a consent judgment to foreclose on the property. During this

---

[3] We also reject Donaghy's argument that the Bankruptcy Court erred by not holding an evidentiary hearing about HSBC's standing. We agree with the District and Bankruptcy Courts that the consent judgment conferred standing to HSBC as a matter of law, and further evidentiary issues should be raised with the state court.

time, Donaghy used the bankruptcy process to shield herself from the foreclosure. But she cannot do so forever and must eventually face the consequences of the consent judgment she signed. We thus affirm the District Court's decision that affirmed the ruling of the Bankruptcy Court.