N.V. SIRAVO; *F.A. Siravo

v.

COUNTRY WIDE HOME LOAN; Deutsche Bank National Trust Company, Trustee; Morgan Stanley ABS Capital I, Inc., Trust 2004–NCZ, Mortgage Pass–Through Certificates, Series 2004–NCZ, N.V. Siravo, Appellant.

*(Dismissed per Clerk's Order of 12/4/07).

No. 07–4108.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 14, 2009.

Opinion filed: Oct. 1, 2009.

Nicholas Siravo, Philadelphia, PA, pro se.

Martin C. Bryce, Jr., Esq., Dena Zakaria, Esq., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for Appellant.

Before: SCIRICA, Chief Judge,
CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Nicholas V. Siravo appeals from the dismissal of his civil suit pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we will affirm.

On June 28, 2007, Nicholas and Felicia Siravo filed suit in federal district court against Appellees Countrywide Home Loan ("Countrywide"), Deutsche Bank National Trust Company and Morgan Stanley ABS Capital I., Inc. alleging breach of contract, predatory lending, negligence, and unspecified civil rights and due process violations. Their claims arose out of Countrywide's alleged misrepresentations about their mortgage, including Countrywide's alleged failure to properly notify them of the change in mortgage servicers and their resultant problems in obtaining credit and financing. Ultimately, the Siravos lost their home to a foreclosure action.

Prior to the initiation of their federal suit, the Siravos had filed three lawsuits in state court alleging harm arising out of the same initial set of facts alleged here. The November 2004 suit, filed by Nicholas Siravo only, sought damages against Countrywide for lack of notice regarding the change in the company servicing the mortgage. Siravo claimed that the lack of notice resulted in a missed mortgage payment. *Siravo v. Deutsche Bank National Trust Co.*, November Term, 2004, No. 1774 (Pa.Ct.Com.Pl. Nov. 2004). That lawsuit settled on March 3, 2005, with an agreement by Siravo to a general release of all existing claims against Countrywide arising out of the mortgage loan. The second suit, filed in July 2005, sought damages against Countrywide for breach of the settlement agreement. *Siravo v. Deutsche Countrywide Home Loans, Inc.*, July Term, 2005, No.1914 (Pa.Ct.Com.Pl. July 2005). The court dismissed the case without prejudice for Siravo's failure to substantiate breach of the settlement agreement and for his failure to demonstrate what damages were suffered. Apparently, Siravo did not appeal or seek reconsideration of the court's order.

In December 2005, the Siravos filed a third lawsuit. The complaint once again sought damages for Countrywide's failure to notify and breach of the settlement agreement. *See Siravo v. Countrywide Home Loans, Inc. et. al.*, December Term, 2005, No. 2259 (Pa.Ct.Com.Pl. Dec. 2005). In addition to naming Countrywide, the Siravos sought damages against Deutsche Bank and Morgan Stanley with regard to the mortgage foreclosure resulting from

the missed loan payments. On August 21, 2006, the Court of Common Pleas dismissed the suit as repetitive of the first. The court also advised the Siravos that their proper remedy was to re-open the order disposing of the 2004 suit. Taking the court's suggestion, Siravo attempted to re-open his first case against Countrywide, arguing that Appellees breached the settlement agreement resolving that action. Siravo also filed a motion to enforce the settlement agreement. The Court of Common Pleas denied both of motions and Siravo did not appeal those orders.

Following dismissal of their third lawsuit in state court, the Siravos filed the instant complaint alleging that Appellees violated their civil rights and various federal laws. Countrywide moved to dismiss the complaint arguing that it was barred by res judicata and the *Rooker–Feldman* doctrine. The District Court granted its motion and, citing the doctrine of res judicata, dismissed the case. This appeal followed.[1]

We have jurisdiction over final orders of district courts under 28 U.S.C. § 1291. Our review of the district court's dismissal of a complaint pursuant to Rule 12(b)(6) is plenary. *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir.2009).

■ We agree with Appellees that Siravo's claims are barred by the *Rooker–Feldman* doctrine and therefore the District Court should have dismissed the case for lack of subject matter jurisdiction. The *Rooker–Feldman* doctrine "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir.2004) (citations and internal quotation marks omitted.) Here, to the extent that Siravo attempts to challenge

Countrywide's servicing of his loan, those claims were resolved in a state court settlement agreement. Siravo attempted to file a separate lawsuit concerning the agreement and, when that failed, attempted to re-open the original case and also filed a motion to enforce the settlement agreement. The Court of Common Pleas denied both motions and Siravo did not appeal. (Supp.App.12–13.) The relief Siravo now seeks would require a federal court to either invalidate the settlement agreement or determine that the state court's refusal to re-examine the parties' compliance with the agreement was wrong. Under the *Rooker–Feldman* doctrine, neither is permissible. *See Desi's Pizza, Inc. v. City of Wilkes–Barre*, 321 F.3d 411, 419 (3d Cir.2003).

Further, even if Siravo's claims were not barred by *Rooker–Feldman*, they would be barred by the doctrine of res judicata. The principle of res judicata bars claims that were brought, or could have been brought, in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir.2008). The District Court properly applied the same factors a Pennsylvania court would apply in determining whether res judicata bars Siravo's federal claims, namely: 1) whether the action in the Court of Common Pleas involved the same "cause of action" as the federal claims; 2) whether the parties had the capacities to sue or be sued in the Court of Common Pleas; and 3) whether the litigation in the Court of Common Pleas resulted in a decision on the merits. *See Lance v. Dennis*, 546 U.S. 459, 466, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006); *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir.2006) (listing factors necessary for res judicata inquiry).

---

1. Felicia Siravo has been dismissed from this appeal pursuant to a Clerk's order.

Here, the first element is satisfied inasmuch as Siravo's first complaint, which led to the settlement agreement, contained the same allegation as his federal complaint: that miscommunications regarding his loan and errors Countrywide committed led to the foreclosure of his house. (Supp.App.61–67.) Further, Siravo's third lawsuit brought claims related to Countrywide's breach of the settlement agreement. Second, while Siravo named only Countrywide in the first complaint, he could have named both Deutsche Bank and Morgan Stanley and did so in the third lawsuit. In any event, though he names both Deutsche Bank and Morgan Stanley in the caption, it does not appear that Siravo makes any claims against either of these defendants in his federal complaint. Third, under Pennsylvania law, a court-approved settlement, such as the one Siravo agreed to, constitutes a final, valid judgment for purposes of claim preclusion. *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72, 75 (1974). Finally, the Court of Common Pleas dismissed Siravo's third state court lawsuit with prejudice but noted that Siravo had an option to re-open the 2004 action. As discussed above, Siravo's attempts to re-open that action were unsuccessful. We therefore find that the state courts also rejected the merits of Siravo's claims based on breach of the settlement agreement. *See Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir.1972) ("[d]ismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial") (citation omitted). Thus, even if not barred by the *Rooker–Feldman* doctrine, Siravo's claims are barred by the doctrine of res judicata.

For the foregoing reasons, we will affirm the judgment of the District Court.