## Follansbee v. Gerlach

C.P. of Allegheny County, no. GD00-5183.

*Alan E. Cech* and *Robert L. Federline,* for plaintiffs.
*Nora Fisher,* for defendants.
*Samuel W. Braver* and *Megan M. Tighe,* for PNC Bank.

WETTICK JR., *J.,* June 13, 2002—The subject of this opinion and order of court is plaintiffs' motion to over-

rule objections of trustee to subpoena to produce documents. The issue that I address is whether a trustee may invoke the attorney-client privilege in order to withhold from a beneficiary communications between the trustee and counsel to the trustee regarding the management of the trust. There is not any Pennsylvania appellate court case law that has considered this issue.

Plaintiffs are beneficiaries under a trust. PNC Bank N.A., is the trustee; it is not a party to any lawsuit involving this trust. Defendants served as counsel for the trust. Plaintiffs' complaint alleges the following: defendants also represented another beneficiary of the trust whose interests were adverse to plaintiffs' interests; in representing the other beneficiary, defendants prepared a memorandum which interpreted the trust in a manner favorable to the other beneficiary; this interpretation was inconsistent with previous interpretations of the trust that defendants had given to the orphans' court; thereafter, the other beneficiary filed a declaratory judgment action based on defendants' new interpretation of the trust; defendants, without revealing their conflict of interest, induced PNC to claim the status of a "stakeholder" in the litigation; and defendants also failed to advise the orphans' court that prior petitions filed by defendants had resulted in the entry of specific decrees interpreting the trust in a manner adverse to the beneficiary who is now its client and in a manner consistent with plaintiffs' interests.

In this litigation, plaintiffs served a subpoena to obtain documents from PNC—a nonparty to this litigation. PNC has refused to produce certain documents on the ground that they are protected by the attorney-client privi-

lege. These documents involve communications from Reed Smith and PNC's legal department to PNC employees administering the trust. According to PNC, the documents contain confidential information. At the time the documents were generated, there was no pending or threatened litigation. (PNC's brief at 3.)

PNC contends that the attorney-client privilege applies to communications between a fiduciary and its counsel. Plaintiffs contend that a trustee, by accepting a fiduciary position, may not claim the attorney-client privilege as to any beneficiary with respect to matters affecting the trust.

The case law holds that legal advice obtained by a trustee, where its interests differ from the interests of the beneficiaries, is protected by the attorney-client privilege. Most courts reach the opposite result where advice is sought in connection with the management of the trust, including disputes about trust administration. But see *Wells Fargo Bank N.A. v. Superior Court (Boltwood)*, 990 P. 2d 591 (Cal. 2000) (interpreting a statute); *Huie v. DeShazo*, 922 S.W.2d 920 (Tex. 1996).

Most jurisdictions distinguish between communications about potential liability and communications about trust administration and apply the attorney-client privilege only to the former. Some jurisdictions reach this result by characterizing the beneficiaries as the true clients of the attorney. Other jurisdictions reach this result because of the obligation the law places on a trustee to furnish to the beneficiaries full and complete information regarding the trust, including opinions of counsel procured by the trustee to guide the trustee in the admin-

istration of the trust. I find the latter line of cases to be persuasive.

Section 173 of Restatement (Second) of Trusts imposes a duty to furnish information:

"Section 173. Duty to furnish information

"The trustee is under a duty to the beneficiary to give him upon his request at reasonable times complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorized by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust."

According to comment b—*What need not be communicated*—the trustee "is privileged to refrain from communicating to the beneficiary opinions of counsel obtained by him at his own expense and for his own protection."

See 2A Austin W. Scott and William F. Fratcher, *Scott on Trusts* §173, 462, 464-65 (4th ed. 1987):

"The trustee is under a duty to the beneficiaries to give them on their request at reasonable times complete and accurate information as to the administration of the trust. . . . They are entitled to examine the trust property and the accounts and vouchers and other documents relating to the trust and its administration. . . .

"A beneficiary is entitled to inspect opinions of counsel procured by the trustee to guide him in the administration of the trust. It is held, however, that where there is a conflict of interest between the trustee and the beneficiaries and the trustee procures an opinion of counsel

for his own protection, the beneficiaries are not entitled to inspect the opinion." (footnotes omitted)

I find persuasive the concurring and dissenting opinion by Justice Mosk in *Wells Fargo Bank N.A. v. Superior Court (Boltwood), supra,* 990 P.2d at 600. He concluded that as to the beneficiaries, the attorney-client privilege never applies to communications between the trustee and an attorney it consulted in its fiduciary capacity on the subject of trust administration: "[B]ecause the Probate Code provides that the trustee has a duty to produce all such information, the privilege never adhered to those communications in the first place." *Id.* at 602.

I also find to be persuasive the recent opinion in *Lawrence v. Cohn,* no. 90 Civ. 2396 (CSHMHD), 2002 WL 109530, at *3-4 (S.D.N.Y. 2002), where a magistrate judge stated:

"When a fiduciary retains an attorney to advise him in the exercise of his fiduciary responsibilities, his communications with that attorney are not absolutely protected from inquiry by the beneficiaries for whom the fiduciary performs. This principle is recognized in a variety of fiduciary contexts, although the prototype finds its source in the law of trusts.

"Under the common law, the trustee has an obligation to provide complete and accurate information to beneficiaries concerning his management of the trust. This obligation encompasses disclosure of communications with an attorney that are intended to assist in the administration of the trust.

"From this principle follows the corollary that the trustee might not invoke the attorney-client privilege

against the beneficiaries to bar disclosure of communications with the attorney who is advising the trustee about the management of the trust." (citations omitted)

See *Dotson v. Lillard,* Chancery no. 135209, 1994 WL 1031449, at \*3 (Va. Cir. 1994), where the court recognized that while the trustee's counsel owes no fiduciary duty to the beneficiaries, the trust owes such a duty:

"That duty includes the duty to disclose all information and documents relating to the trust and its administration. Such documents include opinions of counsel obtained by the trustee in discharging his representative duties.

"The right of the beneficiaries to the trust-related documents flows from the trustee's fiduciary obligation to beneficiaries, not from any attorney-client relationship between the beneficiaries and the lawyer for the trustee. The advice and counsel received by the trustee in his representative capacity becomes part of the trust corpus, especially in light of the fact that the legal advice is paid for from estate funds. As the beneficiaries have access to the entire trust corpus, they have access to the advice and counsel received by the trustee." (citations omitted)

Also see *Riggs National Bank of Washington DC v. Zimmer,* 355 A.2d 709, 712 (Del. Ch. 1976):

"In order for the beneficiaries to hold the trustee to the proper standards of care and honesty and procure for themselves the benefits to which they are entitled, their knowledge of the affairs and mechanics of the trust management is crucial. See *Bogert on Trusts,* 2d Ed., §961. And, when the beneficiaries desire to inspect opinions of counsel for which they have paid out of trust funds

effectively belonging to them, the duty of the trustees to allow them to examine those opinions becomes even more compelling. The distinction has often been drawn between legal advice procured at the trustee's own expense and for his own protection and the situation where the trust itself is assessed for obtaining opinions of counsel where interests of the beneficiaries are presently at stake." See Restatement (Second) of Trusts, §173 comment b.

Pennsylvania case law follows section 173 of the Restatement (Second) of Trusts. In *Matter of Estate of Rosenblum,* 459 Pa. 201, 328 A.2d 158 (1974), the Pennsylvania Supreme Court reversed a ruling of a common pleas court allowing a beneficiary to inspect only those books, documents, correspondence, and other papers discoverable under the rules of civil procedure governing discovery. The Supreme Court ruled that where a request is made in good faith, the beneficiary is entitled to inspect "all documents in the hands of the trustee pertaining to the trust" (*Id.* at 216, 328 A.2d at 165) because access is governed by section 173 of the Restatement (Second) of Trusts rather than the rules of civil procedure governing discovery:

"But unlike an ordinary party to an adversary judicial proceeding, a trust beneficiary is not obliged to show that the requirements of rules 4007 and 4009 have been satisfied in order to obtain access to records in the possession of his trustee. The right of access to trust records is an essential part of a beneficiary's right to complete information concerning the administration of the trust. This right is recognized in section 173 of the Restatement (Second) of Trusts (1959). . . .

"This section is declaratory of the common law of Pennsylvania. It places cestuis que trustent on a different footing from other litigants who seek discovery of documents under our Rules of Civil Procedure. A beneficiary's right of inspection has an independent source in his property interest in the trust estate, and the right may be exercised irrespective of the pendency of an action or proceeding in court." (footnote omitted) (citations omitted)

In summary, the trustee cannot withhold from any beneficiary documents regarding the management of the trust, including opinions of counsel procured by the trustee to guide the trustee in the administration of the trust, because trust law imposes a duty to make these documents available to the beneficiaries.

For these reasons, I enter the following order of court:

## ORDER

On June 13, 2002, it is ordered that PNC Bank N.A., shall within 20 days produce the documents that it has withheld on the ground of the attorney-client privilege.