J-A06019-18

2018 PA Super 227

| | | |
|---|---|---|
| IN RE: THE ESTATE OF WILLIAM K. MCALEER, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: WILLIAM MCALEER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 932 WDA 2017 |

Appeal from the Order Entered May 30, 2017
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 0334 of 2014

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER*, J.

OPINION BY SHOGAN, J.:                          **FILED AUGUST 9, 2018**

Appellant, William McAleer, appeals from the order directing him to comply with the discovery request presented by Appellees, Stephen Lange and Michael Lange, in this estate matter involving a trust created by Decedent, William K. McAleer.  After careful review, we quash.

We summarize the history of this case as follows.  Appellant is the trustee of the William K. McAleer Revocable Living Trust ("the Trust"), which was created by Decedent on November 30, 2012, for the benefit of Appellant and his two stepbrothers, Appellees.  Trust Document, 11/30/12 (Record Number 1).  Since Decedent's death on May 4, 2013, Appellees have raised various issues pertaining to the administration of the Trust, which led to Appellant retaining two law firms, *i.e.*, Julian Gray & Associates and K&L Gates.

_____
*   Retired Senior Judge assigned to the Superior Court.

On March 17, 2014, Appellant filed a first and partial account relating to the administration of the Trust. First and Partial Accounting, 3/17/14 (Record Number 2). Appellees filed objections to the first and partial account filed by Appellant. Appellees also sought disclosure of information pertaining to two bank accounts, and Appellant retained K&L Gates to respond. On March 30, 2016, the trial court dismissed Appellees' objections with prejudice. Order, 3/30/16.

On August 31, 2016, Appellant filed a Second and Final Accounting. Second and Final Accounting, 8/31/16 (Record Number 24). On November 14, 2016, Appellees filed objections claiming that Appellant paid expenses in the administration of the Trust that were unreasonable, including excessive trustee and attorney fees. Objections, 11/14/16 (Record Number 26). On March 2, 2017, Appellees served a request for production of documents including billing statements for all trustee fees and attorney fees. On April 12, 2017, Appellant produced substantially redacted attorney invoices from both law firms.[1]

Appellees filed a motion to compel service of unredacted copies of the invoices on May 8, 2017. Motion to Compel Discovery, 5/8/17 (Record Number 34). The trial court held a hearing on May 18, 2017. On May 30,

---

[1] As the trial court indicated, billing documents from Julian Gray & Associates were presented to Appellees with 223 entries redacted. Trial Court Opinion, 7/12/17, at 1. Also, Appellees received billing statements from K&L Gates with 98% of the invoice redacted. **Id**.

2017, the trial court entered an order directing Appellant to produce the unredacted invoices within thirty days. Order, 5/30/17 (Record Number 39). Appellant turned over unredacted trustee invoices, and only the attorney invoices are at issue. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1) Did the Court of Common Pleas err in ordering Appellant to produce unredacted attorney bills where doing so will disclose material protected by the attorney-client privilege and the attorney work product doctrine?

Appellant's Brief at 3.

Our scope of review in an appeal from an Orphans' Court decree is limited. When reviewing a decree entered by the Orphans' Court, we must determine whether the record is free from legal error and the Orphans' Court's factual findings are supported by the evidence. *In re Estate of Angle*, 777 A.2d 114, 122 (Pa. Super. 2001).

Before we address the underlying merits of Appellant's issue, we must determine whether the trial court's order is appealable. *In re Miscin*, 885 A.2d 558, 560-561 (Pa. Super. 2005). "The question of the appealability of an order goes directly to the jurisdiction of the [c]ourt asked to review the order." *Moyer v. Gresh*, 904 A.2d 958, 963 (Pa. Super. 2006). *See also In re Estate of Borkowski*, 794 A.2d 388, 389 (Pa. Super. 2002) (observing that the threshold question of the appealability of an order affects the jurisdiction of this Court over the case). As a general rule, an appeal

- 3 -

can be taken only from a final order. ***Estate of Borkowski***, 794 A.2d at 389. No appeal will be permitted from an interlocutory order unless specifically provided for by statute. ***Id***.

Pennsylvania Rule of Appellate Procedure 342 addresses appeals as of right from various orders of the Orphans' Court and provides, in part, as follows:

> **(a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>
> (2) An order determining the validity of a will or trust;
>
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
>
> (4) An order interpreting, modifying, reforming or terminating a trust;
>
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
>
> (6) An order determining an interest in real or personal property;
>
> (7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or
>
> (8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a). Thus, Rule 342 permits appeals as of right from the enumerated orders or from orders that meet the requirements of the other Chapter 3 Rules of Appellate Procedure pertaining to the appealability of orders, as discussed *infra*.

Our review of the record on appeal indicates that the Orphans' Court order that directed Appellant to comply with discovery did not qualify as one of the enumerated orders set forth under Rule 342 as being appealable as of right. Pa.R.A.P. 342(a)(1-7). Accordingly, we must consider whether this order is appealable under any of the rules in Chapter 3 of the Rules of Appellate Procedure. Pa.R.A.P. 342(a)(8). It is well settled that an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). ***See Pace v. Thomas Jefferson University Hospital***, 717 A.2d 539, 540 (Pa. Super. 1998) (discussing the appealability of orders).

We next consider whether the order on appeal is a final order. Pennsylvania Rule of Appellate Procedure 341 defines final orders as follows:

> **(a)  General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b)  Definition of final order.** A final order is any order that:
>
>> (1)   disposes of all claims and of all parties; or

(2)    RESCINDED

(3)    is entered as a final order pursuant to paragraph (c) of this rule.

**(c)    Determination of finality.**   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.   Such an order becomes appealable when entered.   **In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order**.  . . .

Pa.R.A.P. 341 (emphasis added).   Thus, pursuant to Rule 341, an order is final if it disposes of all claims and all parties or if a statute expressly defines it as final.   An Orphans' Court's confirmation of the final accounting of an estate, after exceptions have been filed and ruled upon, is the final order for purposes of appeal.   *In re Estate of Habazin*, 679 A.2d 1293 (Pa. Super. 1996).   Moreover, we have stated that, in general, discovery orders are not final and are therefore unappealable.   *In re Estate of Moskowitz*, 115 A.3d 372, 389 (Pa. Super. 2015) (quoting *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1056 (Pa. Super. 2008)).

Our review of the record reflects that the order on appeal is not a confirmation of the final account and that the estate and its assets remain under administration.   Rather, the appealed order compels Appellant to

satisfy a discovery request. Therefore, the order in question is not a final order under Pa.R.A.P 341.

We also consider whether the order on appeal is an interlocutory order that is appealable as of right. Pennsylvania Rule of Appellate Procedure 311 addresses "interlocutory appeals as of right." Generally, discovery decrees do not give rise to an interlocutory appeal as of right under Rule 311. **Estate of Moskowitz**, 115 A.3d at 390. Consequently, the order on appeal directing discovery does not fall within the category of appealable interlocutory orders under Rule 311.

Next, we address whether the matter before us is an appeal from an interlocutory order by permission. Pennsylvania Rule of Appellate Procedure 312 addresses "interlocutory appeals by permission." Such permission must be sought from and granted by the appellate court under the rules set forth in Chapter 13 of the Rules of Appellate Procedure. Our review of the record reflects that Appellant never sought permission from this Court to appeal from the order in question. Consequently, no permission was granted allowing the appeal. Therefore, Rule 312 is not applicable to this matter.

We last turn to Pa.R.A.P. 313, which permits appeals as of right from collateral orders. Pa.R.A.P. 313(a); **J.S. v. Whetzel**, 860 A.2d 1112, 1116 (Pa. Super. 2004). For an order to be appealable under Rule 313(b), it must satisfy the three factors identified in the rule: "(1) the order is separable from the main cause of action; (2) the right involved is too important to be

denied review; and (3) the claim would be irreparably lost if review is postponed." *Id*. (citing *Ben v. Schwartz*, 729 A.2d 547 (Pa. 1999); Pa.R.A.P. 313(b)).

An order is "separable" from the main cause of action if it is capable of review without considering the underlying merits of the case. *Crum v. Bridgestone/Firestone N. Am. Tire, LLC*, 907 A.2d 578, 583 (Pa. Super. 2006). Second, the "importance prong" is satisfied if the interests that potentially go unprotected without immediate appellate review are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule. *Id*. Moreover, "it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id*. (quoting *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003)). To satisfy the third factor, an issue must actually be lost if review is postponed. *Keefer v. Keefer*, 741 A.2d 808, 813 (Pa. Super. 1999). "All three elements must be satisfied to permit review of an interlocutory appeal under the collateral order rule." *Estate of Moskowitz*, 115 A.3d at 389 (quoting *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004)).

We are mindful that orders are not deemed to be collateral orders liberally. The Pennsylvania Supreme Court noted that:

> [t]he United States Supreme Court has stated that the "collateral order doctrine" must be narrowly applied lest it be allowed to

swallow the general rule, **Digital Equipment Corporation** [**v. Desktop Direct, Inc.**, 511 U.S. 863, 868 (1994)], and has characterized the requirements for an appealable collateral order as "stringent." **See Midland Asphalt Corp. v. United States**, 489 U.S. 794, 799, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989). Although in Pennsylvania the doctrine has been reduced from case law and set forth in our Rules of Appellate Procedure as establishing a class of orders that may be appealed as of right, it nevertheless remains a specialized, practical application of the general rule that only final orders are appealable as of right. Accordingly, we find it appropriate to interpret Rule 313 narrowly. Claims must be analyzed not with respect to the specific facts of the case, but in the context of the broad public policy interests that they implicate. Only those claims that involve interests "deeply rooted in public policy," **Digital Equipment Corp.**, 511 U.S. at 884 [], can be considered "too important to [be] denied review."

**Geniviva v. Frisk**, 725 A.2d 1209, 1214 (Pa. 1999).

We now address whether the order directing Appellant to comply with Appellees' discovery request and to produce complete and unredacted billing statements for trustee billing, as well as all attorney billing, meets all of the three prongs necessary to establish a collateral order. First, our review of the record reflects that the order on appeal is interrelated with the underlying merits of the pending challenges brought by Appellees, that being the proper billing of the Trust and subsequent payments from the Trust proceeds. Consequently, the first factor is not met in this case. Accordingly, because all three factors must be present, and the order before us fails to satisfy the first factor, we conclude that the instant appeal is not taken from a collateral order.

We observe Appellant has asserted that the order on appeal qualifies

as an immediately appealable collateral order because it compels the production of privileged information. Appellant's Brief at 1. Appellant contends that the attorney invoices sought in discovery are protected by the attorney-client privilege and the work product doctrine. Appellant's Brief at 16-29.

As we previously noted, in general, discovery orders are not final and are therefore unappealable. *Estate of Moskowitz*, 115 A.3d 372, 389 (Pa. Super. 2015). "However, discovery orders involving privileged material are nevertheless appealable as collateral to the principal action pursuant to Pa.R.A.P. 313." *Id*.

> In Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice. *Gillard v. AIG Ins. Co.*, 15 A.3d 44, 59 (Pa. 2011); *see* 42 Pa.C.S. § 5928. In describing the purpose of the privilege, we have said: "The attorney-client privilege exists to foster a confidence between attorney and client that will lead to a trusting and open dialogue." *Gocial v. Independence Blue Cross*, 827 A.2d 1216, 1222 (Pa. Super. 2003).

*Custom Designs & Mfg. Co. v. Sherwin-Williams Co.*, 39 A.3d 372, 376 (Pa. Super. 2012).

Further, we have explained the following:

> Pennsylvania law imposes a shifting burden of proof in disputes over disclosure of communications allegedly protected by attorney-client privilege. The party invoking a privilege must initially "set forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the attorney-client privilege, e.g., because the privilege

- 10 -

has been waived or because some exception applies." ***Nationwide Mut. Ins. Co. v. Fleming***, 924 A.2d 1259, 1266 (Pa. Super. 2007) (citations omitted), *aff'd*, 605 Pa. 468, 992 A.2d 65 (Pa. 2010). Accordingly, "[i]f the party asserting the privilege does not produce sufficient facts to show that the privilege was properly invoked, then the burden never shifts to the other party, and the communication is not protected under attorney-client privilege." ***Id***. at 1267.

*Id*. Likewise, the same burden applies to a party seeking to invoke the protections of the work-product doctrine. ***See generally T.M. v. Elwyn, Inc.***, 950 A.2d at 1062.

In addition, we are mindful that the duty to furnish information to beneficiaries of a trust is defined in Section 82 of The Restatement (Third) of Trusts, which provides, in part, as follows:

**§ 82 Duty to Furnish Information to Beneficiaries**

(2) Except as provided in § 74 [(relating to the effect of power of revocation)[2]] or as permissibly modified by the terms of the trust, a trustee also ordinarily has a duty promptly to respond to the request of any beneficiary for information concerning the trust and its administration, and to permit beneficiaries on a reasonable basis to inspect trust documents, records, and property holdings.

Restatement (Third) of Trusts § 82(2).

Comment *e* addresses requests for information under subsection 2, and provides as follows:

_____

[2] The comment to Section 82 explains that the information requirements of the section do not apply to revocable trusts while the settlor is alive and competent. Restatement (Third) of Trusts § 82, cmt. *a*.

- 11 -

> *e. Requested information and access.* Under the general rule of Subsection (2), a trustee ordinarily has a duty, with reasonable promptness, to provide information that is requested regarding the trust property or its administration by any beneficiary, a right not limited to fairly representative beneficiaries. The trustee is also to grant access to books and records of the trust, and to permit inspection of the trust's property holdings, on a reasonable basis, at reasonable hours and intervals, to any beneficiary, including with the participation of the beneficiary's accountant, attorney, or other advisor. On petition by the trustee or a beneficiary, however, a court may limit the frequency or extent of such inquiries by one or more of the beneficiaries, weighing the remoteness or substantiality of their interests in the trust against the burdens, intrusiveness, and privacy considerations that may be involved.

Restatement (Third) of Trusts § 82, cmt. *e.*

Also, comment f explains the following limitations on disclosure to

beneficiaries:

> *f. What need not be disclosed?* A trustee is privileged to refrain from disclosing to beneficiaries or co-trustees opinions obtained from, and other communications with, counsel retained for the trustee's personal protection in the course, or in anticipation, of litigation (e.g., for surcharge or removal). This situation is to be distinguished from legal consultations and advice obtained in the trustee's fiduciary capacity concerning decisions or actions to be taken in the course of administering the trust. Communications of this latter type are subject to the general principle entitling a beneficiary to information that is reasonably necessary to the prevention or redress of a breach of trust or otherwise to the enforcement of the beneficiary's rights under the trust.

Restatement (Third) of Trusts § 82, cmt. *f.*

We observe that our Supreme Court considered the issue of a

beneficiary's right to access trust files in *In re Estate of Rosenblum*, 328

A.2d 158 (Pa. 1974). In addressing the issue, the Court relied upon the

precursor to Section 82, *i.e.*, Section 173 of the Restatement (Second) of

Trusts, to support its proposition that "[t]he right of access to trust records is an essential part of a beneficiary's right to complete information concerning the administration of the trust." *Id*. at 164-165. The Court in ***Rosenblum*** noted that "[t]his section [from the Restatement] is declaratory of the common law of Pennsylvania." *Id*. at 165. The Court then stated that

> "[i]t places [the beneficiaries of a trust] on a different footing from other litigants who seek discovery of documents under our Rules of Civil Procedure. A beneficiary's right of inspection has an independent source in his property interest in the trust estate, and the right may be exercised irrespective of the pendency of an action or proceeding in court."

*Id*.

The trial court offered the following discussion pertaining to Appellant's attempt to assert the attorney-client privilege:

> On May 18th, [Appellant's counsel] set forth only a general argument of privilege on behalf of the Trustee as to the Gray billings. As to the K&L bills, [Appellant's counsel] stated: "I can't speak for the K&L Gates bills because they belong to K&L Gates. I produced them to Attorney Caplan as an attorney to K&L Gates, but have no knowledge of them. (5/18/17 Motions argument at p. 7). The Trustee presented no facts to the Court to show that he properly invoked a privilege in this case.
>
> Furthermore, the Court finds persuasive ***Follansbee v. Gerlach*, 56 Pa. D. & C. 4th 483, 22 Fiduc. Rep. 2d 319, 6 All. Co. Disc. Op. 15 (Civ. Div. Allegh., June 13, 2002)**. In ***Follansbee***, the Honorable R. Stanton Wettick Jr. found that where the trustee-client obtains legal advice from an attorney relating to the trust, that legal advice must be shared with the beneficiaries. Pursuant to ***Follansbee*** and the logic set forth in that opinion, the billings that are the subject of this appeal should be shared in full, since the Beneficiaries, in effect, paid for the legal services rendered by Gray and K&L.

- 13 -

Trial Court Opinion, 7/12/17, at 2. We are constrained to agree with the trial court.

Our review of the record reflects that, prior to the trial court's order compelling Appellant to produce the discovery documents in question, Appellant did not provide any facts to support his attempt to invoke the attorney-client privilege and work-product doctrine protections. Appellant never filed an objection to Appellees' discovery request in which he could have raised those protections. Instead, Appellant simply replied to the discovery request by presenting Appellees with substantially redacted copies of attorney invoices. Appellees then filed a motion to compel discovery, to which Appellant failed to respond or object. Rather, Appellant's first attempt to invoke the protections was during oral argument at a hearing in response to the motion to compel, which was held on May 18, 2017. N.T., 5/18/17, at 5-6. At the hearing, Appellant's counsel mentioned the attorney-client privilege and the work-product doctrine as justification for redacting the documents provided to Appellees. *Id*. However, Appellant failed to set forth specific facts to show that either the attorney-client privilege or the work product doctrine was applicable and properly invoked.

Further, a non-final discovery order can be subject to appellate review under the collateral order doctrine if a colorable claim of the attorney-client privilege is raised. *See Sherwin-Williams Co.*, 39 A.3d at 375-376. However, beyond a general discussion of relevant legal principles at the

hearing, Appellant did not describe, explain, or substantiate the applicability of the attorney-client privilege or the work product doctrine before the trial court in this particular case. Accordingly, appellate review is precluded.

Moreover, we conclude that under the law as presented in the Restatement (Third) of Trusts and our Supreme Court's ruling in **Estate of Rosenblum**, Appellant, as a trustee, has a duty to share with Appellees, as beneficiaries, complete information concerning the administration of the Trust. As set forth in comment *f* of Section 82, "[a] trustee is privileged to refrain from disclosing to beneficiaries or co-trustees opinions obtained from, and other communications with, counsel retained for the trustee's personal protection in the course, or in anticipation, of litigation (e.g., for surcharge or removal)." However, Appellant neither argued nor presented evidence to establish that the redacted information pertained to communications from counsel retained for Appellant's personal protection in the course of litigation. Accordingly, there is no evidence that the information qualifies as privileged under comment f to the Restatement (Third) of Trusts. Hence, we are left to conclude that the information contained in the attorney invoices qualifies as communications subject to the general principle entitling a beneficiary to information reasonably necessary to the prevention or redress of a breach of trust or otherwise to the enforcement of the beneficiary's rights under the trust. For this reason as well, Appellant cannot invoke the protections of the attorney-client privilege.

In conclusion, the order under review in the instant case is not a final order, an order certified as final, an interlocutory order appealable as of right, an interlocutory order appealable by permission, or an appealable collateral order.  Consequently, we conclude that this appeal is not properly before this Court.  Accordingly, the appeal is hereby quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2018