J-A27026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE ESTATE OF LEONARD BARKAN, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ESTELLE BARKAN | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 127 EDA 2019 |

Appeal from the Order Entered December 10, 2018
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 46-2017-X 0326

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY SHOGAN, J.:          **FILED NOVEMBER 1, 2019**

This is an appeal from an order granting a petition to take the deposition of Estelle Barkan, Appellant, widow of Leonard Barkan ("Decedent"). We quash the appeal.

Decedent and Appellant, married since 1955, apparently both adopted and fostered children throughout their marriage. They began living apart in 1988, with Appellant remaining in the marital home. Following Decedent's death intestate on September 22, 2016, Edith Spitzer, Decedent's paramour with whom Decedent resided at the time of his death, filed a petition for letters of administration in Montgomery County on January 25, 2017, alleging she is a creditor of Decedent's estate. The orphans' court appointed Appellee, Robert H. Lefevre ("Administrator"), as the independent administrator of the estate.

---

[*] Retired Senior Judge assigned to the Superior Court.

The orphans' court proceedings, currently at the discovery phase, are regarding who is entitled to inherit from the estate and on what basis.

On November 2, 2018, Appellee Lorna Jeanette Jarrell Barkan, who lived with Decedent and Appellant when she was a child; Appellees Kevin, Brian, and Katelin Mihok ("Mihok Children"), the children of Lisa Mihok, who is deceased and who lived with Decedent and Appellant as a child; and Appellee Edith Spitzer filed a Joint Petition to Allow the Taking of Appellant's Deposition. Appellant filed an Answer opposing it on December 9, 2018. As noted, the orphans' court granted the petition for deposition on December 10, 2018, and Appellant appealed. Appellees argue that the appeal is not from a final order and must be quashed. The orphans' court, as well, requests that we quash the appeal. Orphans' Court Opinion, 2/15/19.

It is well settled that an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). **See In re Estate of McAleer**, 194 A.3d 587, 592 (Pa. Super. 2018) (discussing appealability of orders). Appellant concedes that the order appealed is interlocutory but argues it is immediately appealable by right under Pa.R.A.P. 313 as a collateral order because the order "impacts of privileges and privacy rights" and requires her to disclose information that is barred by the Dead

Man's Rule. Appellant's Brief at 8, 13.[1] Appellant maintains that she and Decedent discussed many matters including adoption and finances, which are areas about which the orphans' court directed Appellant to be examined in the order for deposition. Appellant suggests that enforcement of the discovery order would force her to disclose private and privileged information without review. *Id.* at 8, 13, 16. Appellant's brief fails to adequately develop and support bald assertions, and it asserts general privacy claims without stating their specific nature or identifying what rights are implicated. *See, e.g.*, Appellant's Brief at 8, 11, 17.

We conclude that the order appealed is not appealable as a collateral order. Pa.R.A.P. 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). While Appellant avers that the December 10, 2018 order is a collateral order because the orphans' court directed Appellant to be examined about topics that impact the attorney-client and spousal privileges, her privacy rights, and the Dead Man's Rule, we conclude the order merely requires Appellant to appear for a deposition and provides a list of topics the deposition may cover. As pointed out by Administrator, no question has been posed that requests disclosure of allegedly privileged

---

[1]  Appellant makes no argument that the December 10, 2018 order is appealable pursuant to Pa.R.A.P. 311 or Pa.R.A.P. 312.

information, no motion has been filed with the orphans' court, no record has been created, and no order has been entered overruling the claim of privilege and compelling any testimony. Administrator's Brief at 6. At this point, any claim of privilege is speculative. *Cf. CAP Glass, Inc. v. Coffman*, 130 A.3d 783, 789–790 (collateral order rule satisfied where the appellant was compelled to answer question at deposition where spousal communication privilege was asserted in response); *St. Luke's Hosp. v. Vivan*, 99 A.3d 534, 540 (Pa. Super. 2014) (collateral order rule satisfied where the trial court overruled claims of attorney-client privilege asserted in response to questions posed at deposition).

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/19